## Plummer v. Hillside Coal and Iron Company et al.

*Equity—Delay in bringing suit to trial—Analogy of statute of limitations.*
1. The courts have the power to order a compulsory non-suit for delay in prosecuting a case.
2. In the exercise of such power, the court's discretion should be to some intent guided by consideration of analogy from the statute of limitations.
3. An equity suit will not be dismissed for want of prosecution because plaintiff did not bring it to trial until the expiration of four years and five months from the filing of a supplemental bill by leave of court.

Petition to dismiss for want of prosecution. C. P. Lackawanna Co., March T., 1902, No. 8.

*S. B. Price,* for plaintiff; *H. A. Knapp* and *J. R. Wilson,* for defendants.

MAXEY, J.—This is a proceeding on a petition to dismiss for want of due prosecution.

Feb. 27, 1902, the plaintiff filed a bill in equity setting forth that she had a six-sevenths interest in certain coal land situated in the Borough of Blakely, Lackawanna County, Pennsylvania; that the defendants were and had been for several years engaged in mining and removing coal from said land; that they had negligently and carelessly mined the same so that the surface had not been supported; that they were continuing their mining operations without reference to the support of the surface and in violation of the terms of their contract. The plaintiff complains "that she is the owner of a valuable house and other improvements on said land; that the mining and removing of the coal by the defendants endangers not only the surface of the improved land, but it also endangers the house and other houses erected upon said tract and other valuable improvements erected thereon." She avers that she is in need of equitable relief in order to obtain from the defendants what is legally and equitably due her under the terms and covenants of a certain agreement of Oct. 1, 1828, between Samuel Callender and Thomas Meredith. She prays for an injunction restraining the defendants from mining coal under said land and for specific performance of certain covenants in the agreement between Meredith and Callender of Oct. 1, 1828, and for an accounting for certain coal mined, etc.

The petition to dismiss sets forth that the above case was put at issue and came to trial before Kelly, J., on March 14, 1904; that the evidence was closed; that no decree *nisi* or final was ever entered in the case; that the next action appears to be that in 1914 an agreement was entered into between the parties that the matter might be referred to Judge Kelly, who had retired

Plummer *v.* Hillside Coal and Iron Company et al.

from the bench in 1908; that Judge Kelly refused to act as master; that nothing further was done until Oct. 30, 1918, when a petition was presented by the plaintiff to open the case and take additional testimony, which petition was allowed as in effect a supplemental bill, with leave to the defendants to answer; that the order was excepted to by the defendants and the bill of exception sealed; that on Nov. 30, 1918, the defendants filed an answer to said petition; that since said date nothing has been done by either of the parties. However, on March 21, 1923, a petition of the plaintiff for an inspection of the mines in said property was filed, and this petition is still pending, no order having been made thereon. This fact was not set forth in said petition to dismiss. The petition sets forth that counsel for the defendants at the time the case was tried were William H. Jessup and E. N. Willard, both of whom have since died; that many of the witnesses on behalf of the defendants have died; that the respective officers and directors and persons in charge of the corporations named as defendants in said action have been changed from time to time; and that it would be, therefore, unfair to the defendants to require them to meet the issues originally involved in this suit. On March 24, 1923, a rule was granted to dismiss for want of due prosecution.

In the answer to the petition to dismiss it is set forth that, though two of the defendants' counsel have died, one of defendants' counsel, H. A. Knapp, is still living; that the case was tried and the evidence of defendants is on the record complete. The answer denied that the suit is abandoned by the plaintiff and sets forth that "The defendants have been informed from time to time of the continuance of this suit. They have been requested to permit plaintiff's engineers to go into the mines and make surveys and inspection thereof. From time to time they have consented, but never have fixed a time for the engineers to enter and make surveys, and have thus practically refused to allow an inspection."

## Discussion.

That there has been unusual delay in this case is apparent. However, not all of this delay can be charged to the plaintiff. The case was brought to issue in 1902 and it was tried about two years thereafter and the evidence was closed. No decree of any kind was ever entered and there were no findings made by the chancellor. This delay was clearly a delay on the part of the court and not on the part of the litigants. The judge who tried the case resigned in 1908, but this did not absolve the then members of the bench from the duty of disposing of this case. However, the case slumbered without any awakening until 1914, when an effort was made to refer the case to the former judge, then in private practice, who sat in this case. He declined to act as referee. The case again slumbered in court until 1918, making a total delay before the court of fourteen years after the evidence was closed. Oct. 30, 1918, the plaintiff's petition was filed to open the case and hear additional evidence, and the petition was allowed "as in effect a supplemental bill, with leave to defendants to answer," and the case was once more before the court. There was then no action in this case until March 21, 1923, when the petition of the plaintiff for inspection of the mines was filed. On March 24, 1923, the petition to dismiss was filed. In other words, the petition to dismiss for want of due prosecution was filed four years, four months and twenty-five days after what virtually amounted to a "supplemental bill" was filed in this case. This delay of four years and nearly five months is not sufficient to warrant the court in dismissing the case now for want of due prosecution on the part of the plaintiff. In view of the fact that fourteen

years' delay in this case before there was any supplemental bill filed was primarily the delay of the court and not the delay of the litigants, it would not be proper now for the court in effect to penalize the plaintiff for her four years' delay in bringing this "supplemental bill" for trial.

As we had occasion to say in Eilenberger *v.* D., L. & W. R. R. Co., No. 617, October Term, 1915, it "has always been the policy of the law to expedite litigation and not to encourage long delays." However, in the case at bar the delay of four years and nearly five months from Oct. 30, 1918, to the filing on March 21, 1923, of the plaintiff's petition for inspection of the mines, was not such a delay as by analogy falls within the spirit and policy of any of the statutes of limitation.

The Act of March 27, 1713, § 1, 1 Sm. Laws, 76, provides that all actions of trespass *quare clausum fregit,* all actions of detinue, trover and replevin, all actions upon account and upon the case, all actions of debt for arrearages of rent, all actions of trespass and assault, menace, battery, wounding and imprisonment, shall be brought within six years after the cause of such action or suit and not after.

The Act of March 28, 1867, P. L. 48, provides that "no suit at law or in equity shall be brought or maintained against any stockholder or director in any corporation or association to charge him with any claims . . . except within six years after. . . ."

The Act of May 23, 1891, § 1, P. L. 109, provides that "petitions for the assessment of damages for the opening or widening of any street, road or highway, when the damages are not assessed by the view opening the road, may be filed in the Court of Quarter Sessions within the period of six years from the confirmation of a report or the entry of a decree opening the said street, road or highway, or within six years from the date of notice of the intended opening of the same . . . but not thereafter."

These and other legislative enactments that might be cited are expressive of the feeling of mankind that where there are wrongs to be redressed they should be redressed without unreasonable delay, and where there are rights to be enforced they should be enforced without unreasonable delay. Considering the policy of the law as expressed in the statutes of limitation cited, we feel that more than six years' delay in bringing to trial a case such as the one at bar would be considered an unreasonable delay. But in the case at bar the delay primarily chargeable to the plaintiff is not of six years' duration. The delay before 1918 was the court's. True, the plaintiff might have demanded action by the court, and so, likewise, the defendants might have demanded action. Apparently all concerned were perfectly satisfied to let this case sleep on. Nevertheless, we cannot penalize the plaintiff for a condition of affairs for which the defendants were equally responsible and for which the court was primarily responsible. The greatest delay that can be charged against the plaintiff is the delay from Oct. 30, 1918, when the petition to reopen the case was allowed "as in effect a supplemental bill," until March 21, 1923, when the plaintiff filed a petition to inspect the mines. This delay of four years, four months and twenty-two days did not operate in law to justify the court in dismissing this case for want of due prosecution. If the delay was over six years the court would be justified in dismissing for want of due prosecution, in analogy to the proceedings under the statutes of limitation in cases in which the cause of action is similar in nature to the cause of action in the case at bar.

Now, to wit, Aug. 7, 1924, the rule to dismiss for want of due prosecution is discharged.        From William A. Wilcox, Scranton, Pa.